Tuccio v. U.S. Security Associates

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of April, two thousand fourteen.

PRESENT:
>           AMALYA L. KEARSE,
>           DENNIS JACOBS,
>           GERARD E. LYNCH,
>                 *Circuit Judges.*

---

Samuel Tuccio,

>           *Plaintiff-Appellant,*

>           v.                                                           13-1958

U.S. Security Associates Inc.,

>           *Defendant-Appellee.*

---

FOR PLAINTIFF-APPELLANT:              Samuel Tuccio, *pro se*, Hicksville, NY.

FOR DEFENDANT-APPELLEE:               Philip K. Davidoff, FordHarrison LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Bianco, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Samuel Tuccio, *pro se*, appeals from the district court's judgment granting summary judgment in the defendant's favor, and dismissing his complaint. Tuccio alleges violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"); and New York State Human Rights Law, N.Y. Exec. Law §§ 290-297. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review an order granting summary judgment *de novo*, and ask whether the district court properly concluded that there were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. *See Feingold v. New York*, 366 F.3d 138, 148 (2d Cir. 2004). "In determining whether there are genuine issues of material fact, we are required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Id.* (internal quotation omitted). However, reliance upon conclusory statements or mere allegations is not sufficient to defeat a summary judgment motion. *See Ying Jing Gan v. City of New York*, 996 F.2d 522, 532-33 (2d Cir. 1993); Fed R. Civ. P. 56(c)(4). After an independent review of the record and relevant case law, we affirm for substantially the same reasons stated by the magistrate judge in his thorough February 27, 2013 report and recommendation, which was adopted over Tuccio's objection in the district court's April 17, 2013 order.

We have considered all of Tuccio's arguments and find them to be without merit.

Accordingly, for the reasons stated above, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk